UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**INTERGO, LLC**,                                            Case No. 3:10 CV 2519

         Plaintiff,                         Judge Jack Zouhary

        v.                                       REPORT AND RECOMMENDATION

**SWITZERLAND AND AMERICA TRUST, LLC**, et al.

         Defendants.                 Magistrate Judge James R. Knepp II

### Introduction

Pending is the "Joint Motion of Defendants Joelens (Al) Alcantara and Melitian Enterprises Ltd. To Dismiss Plaintiff's Complaint" (Doc. 15) to which Plaintiff has filed an Opposition (Doc. 21). This case has been referred the undersigned for general pretrial handling. (Non-document Order dated November 10, 2010). For the reasons discussed below, the undersigned recommends the Motion be denied.

### Background

Plaintiff Intergo, LLC filed suit against Defendants Switzerland and America Trust, LLC, Melitian Enterprises, LTD ("Melitian"), Joelens (Al) Alcantara, Andreas Uresch, and Khalid Mohamed alleging violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq.*, fraudulent misrepresentation, negligent misrepresentation, breach of contract, conversion, unjust enrichment, and equitable accounting.

Plaintiff's claims arise out of the negotiation, execution, and alleged non-performance of a contract between Plaintiff and Melitian Enterprises. Under the contract, Melitian was to secure standby letters of credit for Plaintiff in exchange for an up front payment from Plaintiff. Plaintiff

asserts Alcantra and Melitian made misrepresentations leading up to the contract about their ability to secure financing, and made further misrepresentations after the contract was signed about the status of the financing. Alcantara and Melitian are based in Alberta, Canada.

## Discussion

As a preliminary matter, although the pending Motion asserts to be on behalf of both Alcantara and Melitian Enterprises, it is only properly before the Court as to Alcantara. The Motion is signed by Alcantara, and a *pro se* individual cannot represent a corporation. *See, e.g.*, *Harris v. Akron Dep't of Pub. Health*, 10 F. App'x 316, 319 (6th Cir. 2001).

Alcantara's Motion states, in its entirety:

I, Joelens Alcantara personally and on behalf of Melitian Enterprises Ltd only, being a registered company in Calgary, AB Canada with address of 1088 Acadia Drive SE, Calgary, AB CANADA T2J0E3, a defendant in this case, respectfully requests of this court, moves pursuant to Fed R. Civ. P. 12(b)(2)(3)(4)&(5) that the above entitled action be dismissed. Dismissal of this action is proper under Rule 12(b)(2)(3)(4)&(5) for the reason that this Court lacks personal jurisdiction over defendant Joelens Alcantara and Melitian Enterprises Ltd., for insufficiency of service of process, lack of filing by counsel of proof of service by the Secretary of State, as required by United States District Court – Eastern District Local Rule 4(b)(3)(c); in addition, dismissal of this action is warranted under 18 U.S.C. Sec. 1400(a)[], for improper venue. In support of this motion, this defendant shows the Court the following:

1. Venue in this district is based in part upon erroneous allegations in Plaintiff's Verified Complaint that venue is proper in this district and division under 28 United States Code Sec. 1391(b) & (c) in that a substantial part of the events giving rise to the claims in this action occurred in this district and division. Such allegations are in fact not true. See the an [sic] electronic copy of the original contract, copy of which is attached to this Motion as Exhibit A and made a part hereof by reference.

(Doc. 15, at 1). The Attached Exhibit A is the "Standby Letter of Credit Acquisition / Capital Enhancement Program Agreement, No: Sat/Melitian-CAS-Intergo/CS1002/00" at issue in this suit.

Alcantara provides no further explanation regarding why dismissal is proper on any of the grounds asserted. Local Civil Rule 7.1(c) requires a moving party to "serve and file with its motion a memorandum of the points and authorities on which it relies in support of the motion." To analyze Alcantara's asserted bases for dismissal, this Court would be required to speculate about what Alcantara is relying on, and, in essence, make his legal arguments for him. Although *pro se* pleadings are to be construed more liberally than those filed by counsel, *see, e.g.*, *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999), the Court believes it would go too far in this case. Citing Rule 12 and conclusorily stating that dismissal is required for several reasons is insufficient. This is especially so given that Plaintiff's Motion appears to be simply cut and pasted in large part from a Motion to Dismiss filed in Texas in 1996 and available on the internet. *See* http://www.pulver.com/lawsuit/dismiss.htm. This appears to explain the citation to a Local Rule that does not exist in the Northern District of Ohio – Local Rule 4(b)(3)(c) – and the citation to a statute that addresses "Patents and Copyrights, mask works, and designs" – 18 U.S.C. § 1400(a) – none of which are at issue in this case.

**Conclusion**

For this reason, the undersigned recommends the Motion to Dismiss be denied.

                                             s/James R. Knepp II
                                             United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).