IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Intergo, LLC, | Case No. 3:10 CV 2519 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Switzerland and America Trust, LLC et al., | |
| Defendants. | |

## INTRODUCTION

Plaintiff Intergo, LLC ("Intergo") filed suit against Defendants Switzerland and America Trust ("SAT"), Melitian Enterprises, LTD ("Melitian"), and Melitian CEO Joelens Alcantara, alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, and several state laws. Plaintiff's claims arise out of the negotiation, execution, and alleged non-performance of a contract between Plaintiff and Melitian (Doc. No. 1 at 2–4). Plaintiff asserts Defendants made misrepresentations leading up to the contract about their ability to secure financing, as well as misrepresentations after the contract was signed about the status of the financing.

Before this Court is Defendants' Motion to Dismiss (Doc. No. 41). Specifically, Defendants allege the RICO claims should be dismissed because Plaintiff fails to show "a pattern of racketeering activity," a requirement under RICO (Doc. No. 41 at 1). Because Plaintiff's sole federal claim is improper, Defendants argue this Court should decline supplemental jurisdiction under 28 U.S.C. § 1367(c) over the state-law claims (Doc. No. 41 at 11–14). Plaintiff opposed (Doc. No. 44) and filed a Motion to Amend its Complaint (Doc. No. 43). A hearing was held on February 24, 2012. This Opinion supplements the rulings made at that hearing.

## STANDARD OF REVIEW

When deciding a motion to dismiss under Federal Civil Rule 12(b)(6), the function of the court is to test the legal sufficiency of the complaint. In scrutinizing a complaint, the court is required to accept the allegations stated in the complaint as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), while viewing the complaint in a light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976). Although a complaint need not contain "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, a complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). And "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949). This standard for Rule 12(b)(6) applies to "all civil actions." *Id.* at n.4 (internal quotation omitted). RICO is the focus of the Complaint and Motion to Dismiss, and is also the sole basis for federal court jurisdiction. This Court addresses the sufficiency of that claim.

## DISCUSSION

### RICO Violation

A RICO violation requires "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). Plaintiff has sufficiently alleged the first three prongs. Defendant SAT and Melitian are enterprises, and Plaintiff alleges a series of e-mails and other communications received from Defendants constitute mail and

2

wire fraud. Plaintiff also alleged Defendants engaged in a coordinated scheme to defraud it out of $280,000.

The remaining question is whether these allegations, if proven, are sufficient to establish "a pattern of racketeering activity." 18 U.S.C. § 1962(c). The statute requires a minimum of two acts of racketeering within ten years of each other. 18 U.S.C. § 1961(5). Moreover, the "pattern" of activity must be "related" and "pose a threat of continued criminal activity." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 237–39 (1989). The Sixth Circuit has adopted this standard from the Supreme Court in what has come to be known as the "relationship plus continuity standard." *Brown v. Cassens Transp. Co.*, 546 F.3d 347, 355 (6th Cir. 2008).

**No Pattern of Racketeering**

The relationship prong of this standard is satisfied if the predicate acts have "similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." *H.J. Inc.*, 492 U.S. at 240. Predicate acts may be offenses indictable under federal mail and wire fraud statutes. *Moon v. Harrison Piping Supply*, 465 F.3d 719, 724 (6th Cir. 2006) (citing 18 U.S.C. § 1961(1)). The relationship prong has been satisfied. The predicate acts -- *i.e.* various e-mails, letters, and representations made to Plaintiff -- were made by Defendants, allegedly to defraud Plaintiff out of $280,000.

The continuity prong of the standard can be satisfied by showing either a "close-ended" pattern (a series of related predicate acts extending over a substantial period of time) or an "open-ended" pattern (a set of predicate acts that poses a threat of continuing criminal conduct extending beyond the period in which the predicate acts were performed). *H.J. Inc.*, 492 U.S. at 240–41. Here is where the Complaint falls short.

3

"A party alleging a RICO violation may demonstrate continuity over a closed period by proving a series of related predicates extending over a substantial period of time. Predicate acts extending over a few weeks or months . . . do not satisfy this [close-ended continuity] requirement . . . ." *Id.* at 242. For instance, the Sixth Circuit has held racketeering activity spanning 17 months was insufficient to meet the continuity requirement. *See Vemco, Inc. v. Camardella*, 23 F.3d 129, 134 (6th Cir. 1994). In this case, the pattern of activity lasted, at most, five months, when the communications from Defendants ceased. This is not enough time to fall under the RICO statute.

Moreover, all the predicate acts -- e-mails, letters, and other communications -- are keyed to the single objective of depriving Plaintiff of its money. Plaintiff has not pled any other schemes, purposes, or injuries, and there are no facts alleged that the scheme would continue beyond Defendants' goal of stealing Plaintiff's money. "In circumstances such as these, the purported racketeering activity does not bear the markings of the 'long-term criminal conduct' about which 'Congress was concerned' when it enacted RICO." *See Moon*, 465 F.3d at 725–26 (quoting *H.J. Inc.*, 492 U.S. at 242).

Neither can Plaintiff establish the threat of continued activity necessary for an open-ended pattern. Defendants' conduct, fraudulent or not, was short-term. *See Thompson v. Paasche*, 950 F.2d 306, 311 (6th Cir. 1991). Defendants received $280,000 from Plaintiff in January 2010 and have made no other attempts to get more money from Plaintiff. Nor does Plaintiff name any other victims of this alleged racketeering operation. There is simply no threat of future racketeering activity.

Plaintiff argued at the hearing that the filing of its Complaint in November 2010 cut-off Defendants' racketeering activity. "[T]he threat of continuity must be viewed at the time the racketeering activity occurred," the lack of which "cannot be asserted merely by showing a fortuitous

4

interruption of that activity . . . ." *See United States v. Busacca*, 936 F.2d 232, 238 (6th Cir. 1991) (holding that the interruption of racketeering activity by an arrest, indictment or guilty verdict does not defeat continuity). But that argument is unsupported by the allegations.

The fraudulent statements at issue are Defendants' assertions that the deal was going to go through, and if Plaintiff just waited a little longer, it would get its money. The fraud was not cut-off when Plaintiff filed its Complaint but rather five months earlier, in June 2010, when SAT informed Plaintiff the deal had fallen apart and with it the promised payoff. Once there is no further risk of racketeering activity, an open-ended pattern does not exist. *Moon*, 465 F.3d at 727.

Accordingly, this Court dismisses Plaintiff's RICO claims.

**Supplemental Jurisdiction**

This Court has dismissed all claims over which it has original jurisdiction and therefore, must decide whether to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. 28 U.S.C. § 1367(c)(3). "In determining whether to retain jurisdiction over state-law claims, a district court should consider and weigh several factors, including the 'values of judicial economy, convenience, fairness, and comity.'" *Gamel v. City of Cincinnati*, 626 F.3d 949, 951–52 (6th Cir. 2010) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996).

However, in some circumstances, retaining jurisdiction is appropriate. *See Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195 (6th Cir. 2004). In *Harper*, the court retained supplemental jurisdiction because: (1) it found evidence of forum manipulation; (2) discovery had been completed;

and (3) there were pending motions for summary judgment. *Id.* at 211–12. None of those factors is present here, and this Court is otherwise unpersuaded that exercising supplemental jurisdiction over the remaining state law claims is the appropriate course of action.

### Diversity Jurisdiction

Plaintiff contends that even if the RICO claims are dismissed, and supplemental jurisdiction is denied, this Court still has diversity jurisdiction over its state law claims under Section 1332. Not so. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377–78 (1994). Plaintiff must provide a short and plain statement of the grounds for this Court's jurisdiction under Federal Civil Rule 8, which requires the amount in controversy to exceed $75,000 and complete diversity of citizenship.

Here, the amount in controversy requirement is met. However, this Court is unable to tell whether complete diversity of citizenship exists. Plaintiff and SAT are both limited liability companies ("LLCs"). Plaintiff incorrectly assumes a LLC, like a corporation, is a citizen of its states of organization and principal place of business. Rather, the rule is that all unincorporated entities, including LLCs, have the citizenship of each partner or member. *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). In other words, this Court "needs to know the citizenship of each member. And because a member of a limited liability company may itself have multiple members -- and thus may itself have multiple citizenships -- the federal court needs to know the citizenship of each 'sub-member' as well." *Id.* Because Plaintiff has not alleged the citizenship of

6

each LLC member for Plaintiff and Defendants, the Complaint fails to adequately establish diversity jurisdiction.

**Amended Complaint**

Plaintiff also moves this Court for leave to file an Amended Complaint. Trial is set to begin in a few weeks, and the deadline for amending pleadings was May 2, 2011 (Doc. No. 19 at 2), a date set long ago. This Court will not grant Plaintiff's Motion to Amend because it has not made the appropriate showing of good cause and diligence under Federal Civil Rule 16(b)(4). *See Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003) (holding plaintiffs must demonstrate good cause and diligence to amend complaint after a scheduling deadline has passed). Furthermore, even if this Court granted Plaintiff's request, the proposed Amended Complaint would not cure the defects in the RICO claim or diversity jurisdiction.

### CONCLUSION

As noted at the hearing, Plaintiff's claims are breach of contract and fraud. The alleged acts and communications are pre- and post-contract negotiations -- not a pattern of racketeering. For the foregoing reasons, Plaintiff's Motion to Amend is denied and Defendants' Motion to Dismiss is granted. The Complaint is dismissed without prejudice.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

February 29, 2012